*Altamirano-Villavicencio v. Bondi*

BIA
Reid, IJ
A220 996 452/453/454/455/456

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of January, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

MARIA ELENA ALTAMIRANO-
VILLAVICENCIO, L.L.P.-A., M.G.P.-A.,
D.A.P.-A., P.J.C.-A.,*
> *Petitioners*,

v.

23-7327
NAC

_____

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, consistent with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
     *Respondent.*

_____

FOR PETITIONERS:            Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:            Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Timothy Bo Stanton, Senior Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Elena Altamirano-Villavicencio and her children, all natives and citizens of Ecuador, seek review of a September 13, 2023, decision of the BIA affirming a July 18, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Elena Altamirano-Villavicencio, et al.*, Nos. A220 996 452/453/454/455/456 (B.I.A. Sept. 13, 2023), *aff'g* Nos. A220 996 452/453/454/455/456 (Immig. Ct. N.Y.C. July 18, 2022). We assume the parties' familiarity with the

underlying facts and procedural history.

"[W]e review the [order] of the IJ as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review the agency's factual findings . . . for substantial evidence" and "legal conclusions *de novo*." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Altamirano-Villavicencio[1] contends that the agency erred in finding that (1) she failed to show a nexus between the harm she suffered and fears in the future, and her membership in a particular social group; and that (2) the Ecuadorian government was or is unable or unwilling to protect her from such persecution. Altamirano-Villavicencio asserted that she was a member of the particular social group of her own family, and that she (and others) suffered harm at the hands of her father due to their familial relationship. We conclude that the agency did not err in finding that Altamirano-Villavicencio failed to establish her eligibility for asylum or withholding of removal based on her claim that her father persecuted

---

[1] Because Altamirano-Villavicencio's children seek relief as derivative beneficiaries of their mother's claim, this opinion only refers to Altamirano-Villavicencio's claim.

3

her on account of her kinship.

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear or likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C). To constitute persecution, the harm must be inflicted by the government or by private parties that "the government is unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). "To succeed on a particular social group claim, the applicant must establish . . . that the alleged persecutors targeted the applicant on account of her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (citation modified). "[N]exus is not established simply because a particular social group of family members exists and the family members experience harm." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017), *reversed in part on other grounds in* 27 I. & N. Dec. 581, 596–97 (A.G. 2019); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "The protected trait, in this case membership in the . . . family, cannot play a minor role—that is, it cannot be incidental [or] tangential . . . to another reason for harm." *Matter of L-E-A-*, 27 I. & N. Dec. at 44 (citation modified). Rather, there must be some indication "that

4

the persecutors had . . . animus against the family or the [applicant] based on their biological ties, historical status, or other features unique to that family unit." *Id.* at 47–48; *see also Garcia-Aranda*, 53 F.4th at 757–58.

Before the agency, Altamirano-Villavicencio asserted that her father was an alcoholic and drug addict who beat her and her family members; sought vengeance after her mother left him; thought beating his children might force her mother to return; sought to kill her brother but could not find him; and cut her finger when she reported her father to the police. *See* Certified Administrative Record ("CAR") at 511-13. While Altamirano-Villavicencio and her family undoubtedly suffered at the hands of her father, there is substantial evidence to support the agency's finding that her father did not act out of animus based on her ties to her family — of which he too is a member — but rather that he was a violent person who acted out of anger in a variety of situations. *See Matter of L-E-A-*, 27 I. & N. Dec. at 44–47; *see also Garcia-Aranda*, 53 F.4th at 757–58.

We do not reach Altamirano-Villavicencio's other social group claims because she has not raised them in her brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual

5

arguments constitutes abandonment." (citation modified)).  We thus conclude that there is substantial evidence to support the agency's finding that Altamirano-Villavicencio did not satisfy her burden of showing a nexus to a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3).  Accordingly, we need not reach the IJ's alternative finding that Altamirano-Villavicencio failed to show that Ecuadorian officials were unable or unwilling to protect her.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, we do not consider Altamirano-Villavicencio's CAT claim, because she has not appealed its denial.  *See Debique*, 58 F.4th at 684.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6